UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MARCEL RODRIGUEZ and JOSE COLON,
                                        Plaintiffs,

            - against-                                      **COMPLAINT**
                                                            **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
POLICE OFFICER ANYEL M. RIJO CEDENO SHIELD #6868 of the 47th Precinct,
POLICE OFFICER ARGENTIS PAULINO SHIELD #27039 of the 47th Precinct,
POLICE OFFICER ANTHONY FERRER SHIELD #16349 of the 47th Precinct,
NYPD LT. JASON BASS of the 47th Precinct, and
JOHN DOE OFFICERS #1-2,

                                    Defendants.

-------------------------------------------------------X

        Plaintiffs, Marcel Rodriguez and Jose Colon, by their attorney, Fred Lichtmacher of The

Law Office of Fred Lichtmacher P.C., complaining of the Defendants herein, respectfully allege

as follows:

1. This civil rights action stems from the violations of Plaintiffs' constitutional rights, including

   their false arrest, being subjected to the use of excessive force, and the failure of the

   Defendants to exercise their affirmative duty to intervene to prevent the aforementioned

   misconduct, committed in their presence when they had the opportunity to prevent the

   violations of Plaintiffs' rights committed during a pretextual and unlawful traffic stop by

   members of the New York Police Department ("NYPD") on July 26, 2023, in the Bronx, New

   York.

2. Plaintiffs bring claims under 42 U.S.C. § 1983 for violations of their Fourth and Fourteenth

   Amendment rights, pursuant to  the common law of the State of New York, as well as

   pursuant to the New York City (NYC) Administrative Code § 8-802.

Jurisdiction is founded upon the existence of a Federal Question as this is an action to redress the deprivation, under color of statute, ordinance, regulation, custom, or usage, of rights, privileges, and immunities secured to Plaintiffs by the Fourth as made applicable to the states via the Fourteenth Amendment to the Constitution of the United States, pursuant to 42 U.S.C. § 1983.

## Jurisdiction and Venue

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), as the events giving rise to this Complaint occurred in this district.

5. This Court has supplemental jurisdiction over Plaintiffs' NYC law claims pursuant to 28 U.S.C. § 1367, as they are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution as this suit is brought for violations of NYC Administrative Code § 8-802 as authorized against the individual Defendants pursuant to § 8-803(a) and against NYC pursuant to § 8-803(b).

## Parties

6. Plaintiff Marcel Rodriguez, a 19-year old Hispanic male, is, and was at all relevant times, a resident of the Bronx, New York.

7. Plaintiff Jose Colon, a 19-year old Hispanic male, is, and was at all relevant times, a resident of the Bronx, New York.

8. Defendant NYC is a municipal corporation duly organized and existing under the laws of the State of New York.

-2-

9.  At all relevant times, NYC, through its agents, servants, and employees, operated, maintained, and controlled the NYPD which acts as its agent in the area of law enforcement, and for which NYC is ultimately responsible.

10. Defendant Police Officer Anyel M. Rijo Cedeno is, and was at all relevant times, a police officer employed by the NYPD, acting within the scope of his employment, and acting under color of state law and he is sued herein in his capacity as an individual.

11. Defendant Police Officer Argentis Paulino is, and was at all relevant times, a police officer employed by the NYPD, acting within the scope of his employment, and acting under color of state law, and he is sued herein in his capacity as an individual.

12. Defendant Police Officer Anthony Ferrer is, and was at all relevant times, a police officer employed by the NYPD, acting within the scope of his employment, and acting under color of state law, and he is sued herein in his capacity as an individual.

13. Defendant NYPD Lt. Jason Bass is, and was at all relevant times, a police officer employed by the NYPD, acting within the scope of his employment, and acting under color of state law, and he is sued herein in his capacity as an individual.

14. Defendant Police Officers John Does #1-2 are, and were at all relevant times, police officers employed by the NYPD, whose names are not currently known to Plaintiffs and they were acting within the scope of their employment and under color of state law and they are sued herein in their capacity as individuals.

**Conditions Precedent**

15. Plaintiffs Marcel Rodriguez and Jose Colon each timely filed a Notice of Claim with the Comptroller of the City of New York on or about October 25, 2023, pursuant to New York

General Municipal Law § 50-e, within ninety (90) days of the occurrence giving rise to this action.

16. The Notices of Claim detailed the incident and the injuries sustained as a result of the actions of the Defendants.

17. Plaintiff Marcel Rodriguez appeared for a statutory hearing pursuant to New York General Municipal Law § 50-h on June 13, 2024, and Plaintiff Jose Colon appeared for his 50-h hearing on June 6, 2024.

18. At said hearings each Plaintiff provided testimony concerning the claims asserted herein.

19. More than thirty (30) days have elapsed since the filing of the Notices of Claim, and NYC has failed and/or neglected to adjust or satisfy the claims.

20. The state claims in this cause of action are commenced within one year and ninety (90) days of when these causes of action arose; and the federal and NYC Administrative Code claims are brought in a timely manner within three years of the date they accrued.

**Statement of Facts**

21. On the night of July 26, 2023, Plaintiffs Marcel Rodriguez and Jose Colon were lawfully riding a moped in the vicinity of Bronxwood Avenue and Magenta Street in the Bronx, New York, when they became the targets of an unprovoked police pursuit.

22. At approximately 11:54 p.m., an unmarked black vehicle, without headlights or sirens and bearing heavily tinted windows, aggressively approached the Plaintiffs from the left side, crowding their lane and threatening their safety.

23. As the Plaintiffs attempted to accelerate to escape this dangerous vehicle, they heard a second engine behind them.

24. The first vehicle continued its menacing pursuit, moving even closer.

25. Plaintiff Rodriguez looked to his left, only to see the back window of the vehicle roll down, followed by a flashlight shining directly at he and his co-Plaintiff.

26. Without warning, identification, or any lawful justification, one of the vehicle's occupants recklessly deployed pepper spray directly into Rodriguez's face, causing immediate, severe pain and disorientation, and leaving the Plaintiffs unaware they were being attacked by law enforcement officers as the Defendants had made no attempt to identify themselves as members of law enforcement.

27. Fearing for their lives and still unaware that these vehicles were occupied by law enforcement officers, the Plaintiffs made a desperate attempt to evade the threat by making a U-turn.

28. However, their escape was blocked by a second unmarked vehicle that had maneuvered into their path.

29. When Rodriguez tried to mount the sidewalk to avoid the vehicle, the first unmarked car made a sudden U-turn to continue its relentless pursuit.

30. The first vehicle then recklessly sped ahead of the Plaintiffs and slammed on its brakes directly in front of Plaintiffs' moped.

31. Unable to avoid the sudden obstruction, Rodriguez crashed into the back of the vehicle, flipping onto the car's trunk.

32. Meanwhile, the second vehicle pulled up so closely behind the Plaintiffs that it ran over Colon's foot, pinning him down and causing severe pain and injury.

33. Despite the Plaintiffs' clearly incapacitated state, the officers in the unmarked vehicles

escalated their unlawful assault, once again pepper-spraying both Rodriguez and Colon, this time while they lay disoriented and in pain.

34. At no point did the officers issue any warnings, nor did they identify themselves as law enforcement before or during this attack.

35. It was only after physically restraining the Plaintiffs—three officers manhandling each Plaintiff—that the officers revealed themselves to be members of the NYPD and even then, no explanation was provided for their outrageous conduct.

36. The officers forcefully held the Plaintiffs down while taunting and berating them.

37. One officer, a short, bald white male, verbally abused the Plaintiffs, accusing them of "running because they were guilty" and further threatening Rodriguez by demanding payment for the damage to the police vehicle.

38. Defendants issued no tickets, summonses, or any other legal documentation, tacitly acknowledging the complete lack of lawful basis for their reckless and violent assault on the Plaintiffs

39. After the Plaintiffs were unlawfully assaulted and humiliated, the officers dismissed them, telling them to leave the area immediately.

40. Following this, the Plaintiffs returned to Colon's residence, where Colon's mother called for medical assistance.

41. An Unidentified NYPD sergeant and ambulance responded, and the sergeant, with his body camera activated, expressed dismay at the conduct of the officers involved, implicitly acknowledging the wrongdoing.

42. The following morning, Internal Affairs Bureau (IAB) investigators arrived at the Plaintiffs'

residence, questioning them regarding the incident, indicating that the officers' conduct was

subject to internal investigation.

43. As a direct result of the Defendants' reckless and unlawful actions, Plaintiffs Marcel

Rodriguez and Jose Colon suffered significant physical and emotional injuries.

44. These injuries include pain and suffering from being pepper-sprayed without justification,

physical injuries sustained in the crash, Colon's serious foot injury caused by being run over

by the police vehicle, and lasting psychological trauma from being subjected to this

unprovoked and violent attack by those sworn to protect them.


**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS FOR
EXCESSIVE FORCE PURSUANT TO 42 U.S.C. § 1983 AS WELL AS
PURSUANT TO NYC ADMINISTRATIVE CODE § 8-802**

45. Plaintiffs repeat and reallege each and every allegation contained in the preceding

paragraphs as though fully set forth herein.

46. Defendants used excessive and unreasonable force against Plaintiffs, in violation of their

rights under the Fourth as made applicable to the states via the Fourteenth Amendment to the

United States Constitution, as well as pursuant to NYC Administrative Code § 8-802.

47. At no time did Plaintiffs pose any threat to the safety of the officers or the public, nor did

they engage in any behavior that would warrant the use of any force, much less the use of the

degree of force they employed against men who had barely become adults.

48. Defendants' actions, including the repeated deployment of pepper spray, the use of police

vehicles to run over Plaintiff Colon's foot, and the physical restraint and assault of both

Plaintiffs without justification or warning, constituted violations of Plaintiffs' right to be free

from excessive force.

49. The use of excessive force was neither reasonable nor necessary under the circumstances and was done with willful disregard for the safety, health, and well-being of Plaintiffs.

50. As a direct and proximate result of Defendants' unlawful actions, Plaintiffs suffered physical injuries, pain and suffering, emotional distress, and psychological trauma.

51. Defendants' conduct was intentional, malicious, and in reckless disregard for Plaintiffs' protected rights

52. By reason of the aforesaid, the Plaintiffs have been damaged and they are entitled to compensatory damages in a sum not to exceed $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS (each) and punitive damages in an amount to be determined by the trier of fact and the Plaintiffs are entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988 and New York City Administrative Code §8-502(a & g).

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS FOR FALSE ARREST  PURSUANT TO 42 U.S.C. § 1983 AS WELL AS PURSUANT TO NYC ADMINISTRATIVE CODE § 8-802**

53. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as though fully set forth herein.

54. Defendants, wrongfully and unlawfully detained and arrested Plaintiffs without probable cause or legal justification, in violation of their rights under the Fourth as made applicable to the states via the Fourteenth Amendment to the United States Constitution as well as in violation of NYC Administrative Code § 8-802.

55. Defendants did not have probable cause to arrest nor even to stop the Plaintiffs who were not engaged in any illegal activity at the time of the incident, nor was there any reasonable basis

to believe that Plaintiffs had engaged in unlawful conduct.

56. Despite this, Defendants restrained and detained Plaintiffs without issuing any warnings, tickets, or summonses, depriving Plaintiffs of their liberty and causing them significant harm.

57. The false arrest and detention of Plaintiffs were conducted willfully, maliciously, and in reckless disregard of their constitutional rights, with the intent to humiliate and intimidate them.

58. As a direct and proximate result of Defendants' unlawful actions, Plaintiffs suffered a deprivation of their liberty and emotional distress.

59. By reason of the aforesaid, the Plaintiffs have been damaged and they are entitled to compensatory damages in a sum not to exceed $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS (each) and punitive in amounts to be determined by the trier of fact and Plaintiffs are entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988 and New York City Administrative Code §8-502(a & g).

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF FOR
FAILURE TO INTERVENE  PURSUANT TO 42 U.S.C. § 1983
AS WELL AS PURSUANT TO NYC ADMINISTRATIVE CODE § 8-802**

60. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as though fully set forth herein.

61. At all relevant times, Defendants had a duty to intervene and prevent the unlawful use of excessive force and other constitutional violations being committed by their fellow officers against Plaintiffs, as required under the Fourth Amendment as well as pursuant to NYC Administrative Code § 8-802.

62. Despite having a realistic opportunity to prevent or stop the use and/or continuation of the use of excessive force, including but not limited to the repeated deployment of pepper spray, the use of vehicles to run over Plaintiff Colon's foot, and the physical restraint of both Plaintiffs without legal justification, Defendants failed to take any reasonable steps to intervene or prevent the violations from occurring or continuing despite having the opportunity to do so.

63. The failure of Defendants, including Lt. Jason Bass, to intervene in the face of clear constitutional violations was intentional, malicious, and exhibited a deliberate indifference to the rights and safety of Plaintiffs.

64. As a direct and proximate result of Defendants' failure to intervene, Plaintiffs suffered physical injuries, pain and suffering, emotional distress, and psychological trauma.

65. By reason of the aforesaid, the Plaintiffs have been damaged and they are entitled to compensatory damages in a sum not to exceed $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS (each) and punitive in amounts to be determined by the trier of fact and Plaintiffs are entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988 and New York City Administrative Code §8-502(a & g).

**AS AND FOR A FOURTH CAUSE OF ACTION PURSUANT TO MONELL ON BEHALF OF PLAINTIFFS AS WELL AS PURSUANT TO NYC ADMINISTRATIVE CODE § 8-802 AND § 8-803 (b)**

66. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as though fully set forth herein.

67. The City of New York is liable for the violation of Plaintiffs' constitutional rights under 42 U.S.C. § 1983 and the Monell doctrine, as the actions of the defendant officers were the result of official policies, customs, and practices of the NYPD.

68. Upon information and belief, the NYPD has adopted, fostered, and encouraged a pattern,

custom, or practice of aggressive and reckless behavior towards individuals operating

mopeds, resulting in an increase in moped-related injuries caused by law enforcement.

69. This pattern, custom, or practice includes, but is not limited to, the use of unmarked vehicles

to stop and pursue moped riders in dangerous and reckless ways, the unnecessary and

excessive use of force against moped drivers, including the deployment of pepper spray and

physical assaults, and the failure to intervene or provide proper warnings or commands

before using force.

70. NYC, through its deliberate indifference to the rights of individuals operating mopeds,

allowed this unlawful conduct to proliferate and directly caused the violations of Plaintiffs'

constitutional rights, including the excessive use of force, false arrest, and failure to

intervene.

71. As a direct and proximate result of the policies, practices, and customs of the NYPD,

Plaintiffs suffered physical injuries, pain and suffering, emotional distress, and other

damages.

72. The City of New York is liable for these constitutional violations pursuant to the Fourth

Amendment as well as pursuant to NYC Administrative Code § 8-802 and § 8-803 (b)

73. By reason of the aforesaid, the Plaintiffs have been damaged and they are entitled to

compensatory damages in a sum not to exceed $500,000.00 (FIVE HUNDRED

THOUSAND) DOLLARS (each) and Plaintiffs are entitled to an award of attorneys' fees

and costs pursuant to 42 USC §1988 and New York City Administrative Code §8-502(a &

g).

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS FOR COMMON LAW BATTERY

74. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as though fully set forth herein.

75. The individual Defendants, intentionally and without consent made harmful and offensive physical contact with Plaintiffs.

76. Defendants' actions, including but not limited to pepper spraying the Plaintiffs, running over Plaintiff Colon's foot, and physically restraining both Plaintiffs without warning or justification, constituted unlawful, harmful, and offensive physical contact.

77. This contact was made intentionally and with the intent to cause physical harm or offensive contact to Plaintiffs, and it did, in fact, result in injury to the Plaintiffs.

78. Defendants' conduct was undertaken maliciously, willfully, and with reckless disregard for Plaintiffs' rights.

79. The City of New York is vicariously liable for the acts of its employees, Defendants herein, under the doctrine of *respondeat superior*, as these actions were committed within the scope of their employment as officers of the NYPD.

80. As a direct and proximate result of Defendants' unlawful battery, Plaintiffs suffered physical injuries, pain and suffering, emotional distress, and other damages.

81. By reason of the aforesaid, the Plaintiffs have been damaged and they are entitled to compensatory damages in a sum not to exceed $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS (each) together with costs and such other relief as the Court deems just and proper.

## AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS FOR COMMON LAW ASSAULT

82.  Plaintiffs repeat and reallege each and every allegation contained in the preceding

paragraphs as though fully set forth herein.

83.  The individual Defendants, intentionally engaged in conduct that placed Plaintiffs in

reasonable fear of imminent harmful or offensive physical contact.

84.  Defendants' actions, including but not limited to aggressively pursuing Plaintiffs in

unmarked vehicles, approaching them without identifying themselves as law enforcement,

deploying pepper spray without warning, and physically intimidating and restraining

Plaintiffs, caused Plaintiffs to reasonably fear for their safety.

85.  Defendants' conduct was undertaken with the intent to cause Plaintiffs apprehension of

harmful or offensive contact, or with reckless disregard of the consequences, and did, in fact,

cause such apprehension.

86.  As a direct and proximate result of Defendants' unlawful actions, Plaintiffs suffered

emotional distress, fear, injuries, and other damages.

87.  By reason of the aforesaid, the Plaintiffs have been damaged and they are entitled to

compensatory damages in a sum not to exceed $500,000.00 (FIVE HUNDRED

THOUSAND) DOLLARS (each), together with costs and such other relief as the Court

deems just and proper.

## AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS FOR COMMON LAW NEGLIGENCE/VIOLATION OF NEW YORK STATE VEHICLE AND TRAFFIC LAW

88.  Plaintiffs repeat and reallege each and every allegation contained in the preceding

-13-

paragraphs as though fully set forth herein.

89.  At all relevant times, Defendants, had a duty to operate their vehicles in a safe and lawful manner, in compliance with the New York Vehicle and Traffic Law and with reasonable care for the safety of others, including Plaintiffs.

90.  Defendants breached this duty by violating New York Vehicle and Traffic Law, including but not limited to:

   a. Failing to safely operate their vehicles while pursuing Plaintiffs;

   b. Failing to give appropriate signals, warnings, or indications to Plaintiffs regarding their pursuit;

   c. Using their vehicles to aggressively pursue Plaintiffs in a manner that created a high risk of injury;

   d. Intentionally boxing in Plaintiffs with their vehicles, preventing their escape and heightening the risk of harm;

   e. Causing Plaintiff Colon's foot to be run over by their vehicle, despite having ample opportunity to avoid such harm;

   f. Pepper spraying Plaintiffs without warning or provocation, while operating their vehicles recklessly.

91.  Defendants' reckless actions exhibited a wanton disregard for Plaintiffs' safety, creating a substantial risk of serious injury and suggesting an indifference to whether harm would result. Given the deliberate nature of the pursuit, the manner in which Defendants used their vehicles, and the failure to take reasonable precautions, Defendants' actions raise the inference that the resulting injuries could have been intentional.

-14-

92. Defendants' conduct was not only reckless and negligent but also exhibited an intentional disregard for the safety and well-being of Plaintiffs, directly causing the physical injuries and emotional distress suffered by Plaintiffs.

93. The City of New York is vicariously liable for the acts of its employees, Defendants herein, under the doctrine of respondeat superior, as these actions were committed within the scope of their employment as officers of the NYPD.

94. As a direct and proximate result of Defendants' negligence, intentional conduct, and wanton disregard for the safety of others, Plaintiffs suffered physical injuries, pain and suffering, emotional distress, and other damages.

95. By reason of the aforesaid, the Plaintiffs have been damaged and they are entitled to compensatory damages in a sum not to exceed $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS (each), together with costs and such other relief as the Court deems just and proper.

   **WHEREFORE,** Plaintiffs demand judgment against the Defendants and each of them, as follows:

1. Declaratory relief finding that Plaintiffs' rights under the United States Constitution and the NYC Administrative code were violated;

2. Compensatory Damages against all Defendants, jointly and severally, for the physical injuries, pain and suffering, emotional distress, and other damages Plaintiffs sustained as a result of Defendants' unlawful actions;

3. Punitive Damages against the individual Defendants for their intentional, reckless, and wanton conduct, in an amount sufficient to punish and deter such conduct in the future;

4. Reasonable Attorneys' Fees and Costs of this action pursuant to 42 U.S.C. § 1988 as well as

   pursuant to New York City Administrative Code §8-502(a & g);

5. Prejudgment and Post-judgment Interest on all damages awarded, as allowed by law;

6. Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        October 22, 2024

                                        _____/s/_____
                                        FRED LICHTMACHER
                                        The Law Office of Fred Lichtmacher PC
                                        159 W 25th Street Suite 510
                                        New York, NY 10001
                                        (805) 907-5309
                                        Empirestatt@aol.com


The City of New York
100 Church Street
New York NY 10007


POLICE OFFICER ANYEL M. RIJO CEDENO SHIELD #6868 of the 47th Precinct,
POLICE OFFICER ARGENTIS PAULINO SHIELD #27039 of the 47th Precinct,
POLICE OFFICER ANTHONY FERRER SHIELD #16349 of the 47th Precinct,
NYPD LT. JASON BASS of the 47th Precinct, and
JOHN DOE OFFICERS #1-2, all of the 47th Precinct
4111 Laconia Avenye
Bronx, NY 10466